# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROBERT L. FOREMAN, | : |
| | : Case No. 2:19-cv-00454 |
| Plaintiff, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Jolson |
| COMMISSIONER OF | : |
| SOCIAL SECURITY | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiff's objection (Doc. 13) to the Magistrate Judge's October 18, 2019 Report and Recommendation (Doc. 12), recommending that the court **AFFIRM** the Commissioner's decision to deny Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. Upon independent review, and for the reasons set forth below, Plaintiff's objection is **OVERRULED**. The Court, therefore, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the Commissioner's determination.

## II. BACKGROUND

Plaintiff Robert L. Foreman filed his current application for Supplemental Security Income (and his since-dismissed application for Disability Insurance Benefits) on February 6, 2015, alleging that he has been disabled since October 12, 2002. After Plaintiff's application was initially denied on June 8, 2015, and again on reconsideration, the ALJ held a hearing on October 27, 2017 at which Plaintiff, represented by counsel, appeared and testified. The ALJ issued a

nondisability finding on April 26, 2018. The Appeals Council denied review and adopted the ALJ's decision as the final decision of the Commissioner.

In his statement of errors, Plaintiff argued that the ALJ's decision should be reversed because the ALJ did not give good reason for assigning his treating physician's opinions less than controlling weight. The Magistrate Judge disagreed and recommended that the ALJ's decision be affirmed. Plaintiff then filed this objection to the Magistrate's Report and Recommendation, arguing the Magistrate Judge erred in finding that the ALJ provided good reason for giving Plaintiff's treating physician's opinions less than controlling weight.

## III. STANDARD OF REVIEW

When reviewing a final decision of the Commissioner, a Magistrate Judge must affirm if the decision is supported by "substantial evidence." 42 U.S.C. § 405(g). If either party objects to any portion of the Magistrate's Report and Recommendation, this court must "make a *de novo* determination of those parts . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This means that the court must examine the relevant evidence and make its own determination as to whether the ALJ's decision "is supported by substantial evidence and was made pursuant to the proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

"Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court would have reached a different conclusion sitting as the trier of fact. *Elkens v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981). The Commissioner's decision is not subject to reversal

merely because there is also substantial evidence in the record to support a different conclusion. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001).

## IV. ANALYSIS

When reviewing medical evidence to make a disability determination, ALJs typically give "more weight to medical opinions from [the claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment[s]." 20 C.F.R. § 404.1527(c)(2). If the treating physician's opinion is "well-supported" and consistent "with the other substantial evidence in . . . the case record, [the ALJ] will give it controlling weight." *Id.*

Whenever an ALJ decides not to assign controlling weight to a treating physician's opinion, they must "always give good reason" for this decision. § 416.927(c)(2). Good reason means an explanation that is "sufficiently specific to make" it clear to the claimant how much weight the ALJ assigned the treating physician's opinion and why they determined that this was the appropriate weight to give. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) (internal quotation omitted).

In this case, the ALJ provided good reason for giving "little weight" to Dr. Sayegh's opinions. When ALJs do not assign controlling weight to the treating physician's opinion, they consider several factors, such as how well the medical evidence supports the opinion, the thoroughness of the opinion, and how consistent the opinion is with the rest of the record. 20 C.F.R. § 416.927(c)(3)–(4); *Cohen v. Secretary of* HHS, 964 F.2d 524, 528 (6th Cir. 1992) ("The ALJ . . . is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation."). Here, the ALJ determined that Dr. Sayegh's opinions were not well supported and were inconsistent with the rest of the record.

First, the ALJ found that Dr. Sayegh's opinions were conclusory and nonspecific. For example, in his first opinion dated February 25, 2015, Dr. Sayegh stated that Plaintiff's opioid prescription might affect his concentration, and that he might have a limited ability to sit, stand, or walk. *See* Doc. 8-7 at 175-77. But Dr. Sayegh provided no explanation regarding the severity of these impairments. *See Phillips v. Berryhill*, 2017 WL 6045451, at *4 (W.D. Ky. Dec. 6, 2017) ("Because of the conclusory and explanation-free nature of Dr. Ballard's limitations and the lack of supporting, objective findings, substantial evidence supports the ALJ's decision to deny her opinion controlling weight.").

Second, it was reasonable for the ALJ to give less than controlling weight to the opinions of Dr. Sayegh that consisted largely of one-word answers, circles, and check-marks. On August 28, 2017, Dr. Sayegh completed a partial functional capacity checklist. *See* Doc. 8-7 at 254-57. Dr. Sayegh noted that Plaintiff's prognosis was fair; however, he left the rest of the checklist blank. *See id.* Consequently, Dr. Sayegh's provided no insight regarding Plaintiff's functional limitations. Such a cursory opinion is afforded little weight. *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 441 (6th Cir. 2017) ("The ALJ's concern is reasonable in light of Dr. Tani's conclusory opinion, which provided no supporting findings or records and consisted largely of one word answers, circles, and check-marks. Such opinions have been characterized as weak evidence at best that meets the patently deficient standard.") (internal quotations and citation omitted).

Finally, the ALJ found that Dr. Sayegh's opinions were inconsistent with the rest of the record. *See* Doc 8-2 at 28. While Dr. Sayegh stated that Plaintiff's impairments would place significant limits on his ability to work, the other examining physicians' opinions consistently concluded otherwise. *See id.* at 27-28; *Hanna v. Colvin*, 2014 WL 3749420, at * 15 (N.D. Ohio

July 30, 2014) (finding it appropriate to reject treating physician's opinion where it was, among other things, inconsistent with the medical evidence).

The ALJ's decision in Plaintiff's case was consistent with the role and responsibilities of an ALJ under 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). While he did not give controlling weight to Dr. Sayegh's opinions, he provided good reasons for not doing so. This is all the Social Security regulations require.

## V. CONCLUSION

For the reasons stated herein, Plaintiff's objection is **OVERRULED**. The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the decision of the Commissioner.

**IT IS SO ORDERED.**

                                                             /s/ Algenon L. Marbley  
                                                           **ALGENON L. MARBLEY**  
                                                           **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 20, 2020**